### In re BREITBART et al.

### Ex parte WEISAGER.

#### (District Court, S. D. New York. February 17, 1923.)

1. **Bankruptcy ☞387—Composition held firm proceeding, and not to affect individual debts.**

Where petition in bankruptcy was against partners as such and individually, but petition for composition was entitled "S. B. and S. A., trading as the B. & A. Novelty Store," and confirmation went through on basis of partnership composition, and notice to creditors gave no intimation that the partners were seeking individual composition, it was a firm composition, and had no effect on individual debts, especially where individual bankrupt had no assets and could not have offered individual composition.

2. **Bankruptcy ☞387—Individual creditor entitled to have name stricken from schedule on partnership composition.**

Where composition was between partnership and its creditors, but name of individual creditor was improperly included in schedule of debts annexed to order, such creditor is entitled to have his name stricken therefrom, in order that it may not falsely evidence discharge of his indebtedness.

3. **Bankruptcy ☞391(4)—Composition between partnership and its creditors held not to entitle individual creditor to have stay vacated.**

Confirmation of composition between partnership and its creditors, when not affecting individual creditors, did not entitle individual creditor to have stay of action by him vacated, where time for application by individual bankrupt for discharge had not elapsed.

In Bankruptcy. In the matter of Deiv Breitbart and another, individually and as copartners, alleged bankrupts. On petition by Joseph W. Weisager to amend order confirming composition and to vacate stay. Application to vacate stay denied, and schedule amended.

This is a petition by a creditor of Deiv Breitbart, individually, for an order amending the order of confirmation of the composition hereinafter mentioned by striking from the schedules the creditor's name, amending the said order, so that it affects firm creditors only, and vacating the stay of this

court of December 14, 1922, enjoining the creditor from proceeding with an action in the state court brought by him against the said' Breitbart. The circumstances are as follows:

On December 11, 1922, a petition was filed against the two bankrupts individually and as copartners, and a receiver was appointed. On December 29th the bankrupts filed their schedule in three parts—the first being signed by both, and setting forth their assets and liabilities; the second by Breitbart, showing none but exempt assets; and the third by Arbeitel. Except for the signatures, none of these schedules indicated that they were filed both as copartners and as individuals. The second part, signed by Breitbart, under the heading, "Creditors Whose Claims are Unsecured," contained the words, "See Schedule A-3 above." Schedule A-3 contained the names of all the creditors of the firm, together with that of Weisager, the petitioner here, against whom were written the words, "For alleged goods sold and delivered, action in dispute and unfounded," and opposite the amount, "None."

On the same day an offer of composition was signed by both bankrupts, entitled "In the Matter of Deiv Breitbart and Sam Arbeitel, Trading under the name of B. & A. Novelty Store," which read as follows: "The undersigned alleged bankrupts do hereby offer the composition in satisfaction of all their claim to all their unsecured creditors." On December 30th a petition was filed, signed only by Breitbart, but entitled, "In the Matter of Deiv Breitbart and Sam Arbeitel, Trading as B. & A. Novelty Store," alleging that they wished to offer a compromise, and asking that they be referred to a referee to entertain a composition. . Consents by a large number of the creditors of the firm, not including, however, the consent of Weisager, were filed with the referee, to whom the proceedings were referred on January 3d.

On January 5th the referee sent out notices to creditors in accordance with the petition, entitled "Deiv Breitbart and Sam Arbeitel, Trading as the B. & A. Novelty Store, alleged Bankrupts," returnable January 16th at 11 a. m. A meeting was held, the bankrupts examined, and the meeting closed. The referee certified the proper facts to the court, and on February 3d an order was entered confirming the composition and directing the distribution of the moneys deposited in accordance with the schedules. Annexed to this order was a complete schedule of creditors, containing Weisager's name with the firm creditors, with the sum of $1 as the amount of the claim, and 25 cents as his dividend.

The petitioner claims that the composition should not be taken as a composition in favor of Breitbart individually, and that the order should be made to conform.

Maurice L. Shaine, of New York City, for petitioner.
Leopold Blumberg, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above).
[1] The bankruptcy of a partnership for most purposes is quite independent of the bankruptcy of the partners individually. The petition for adjudication included the partners, both as a firm and as individuals, but on this no adjudication was ever entered. The composition was an independent proceeding, like a discharge, and commenced by the filing of the petition on December 13th. This was entitled, "Deiv Breitbart and Sam Arbeitel, Trading as the B. & A. Novelty Store." It alleged that they had filed their schedules and wished to make an offer in composition. This petition changed the caption of the petition for adjudication and was a petition for partnership composition. Indeed, these schedules showed that Breitbart had no individual assets and could not have offered an individual composition. It would have been a fraud on the partnership creditors to include the individual creditors on the same terms and pay them out of the same assets. The

whole confirmation went through on that basis. The order referring the petition to the master, signed January 3d, was entitled in the same way, as well as the certificate of the master, and the order of composition. Moreover, the notice to creditors, which is the whole basis of jurisdiction, gave no intimation that the partners were seeking a composition individually. Clearly, then, this was a firm proceeding, and had no effect on the individual debts.

[2] The order of composition was entirely regular, and ran along with all that had been done hitherto, except for the schedule annexed to it, which contained Weisager's name, an individual creditor. That debt should not have been scheduled, because the petition was necessarily limited to firm debts. It is true that Weisager, as an individual creditor, would not be in fact barred, but there is on that account no reason why Breitbart should have false evidence of a discharge to which he is not entitled. Therefore his name will be stricken from the schedule.

[3] The applicant also moves to vacate the stay obtained upon the involuntary petition. If the order of composition had discharged Weisager's claim against Breitbart individually, the order should be vacated, for the discharge proceedings would be terminated. If it does not, the stay should remain, because Breitbart's petition for discharge individually has never been filed. He may still petition for a discharge, and until he does, and those proceedings are terminated, the stay is good under the statute. Therefore the stay must continue until either those discharge proceedings are determined or until the time prescribed by the statute has elapsed.

An order will therefore be entered, denying the application to vacate the stay, but amending the schedule annexed to the order of February 3, 1923, by striking out the petitioner's name.